IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GUARDIAN OF GEORGIA, INC. d/b/a ACKERMAN SECURITY SYSTEMS ) ) ) | |
| ) | Case No. 1:21-CV-01232-SO |
| Plaintiff, ) ) | |
| ) | Judge Solomon Oliver, Jr. |
| vs. ) ) | |
| ) | **REPLY MEMORANDUM IN SUPPORT** |
| BOLD TECHNOLOGIES LTD. d/b/a ) | **OF MOTION OF DEFENDANT BOLD** |
| BOLD GROUP, ) | **TECHNOLOGIES LTD. TO** |
| ) | **PARTIALLY DISMISS THE** |
| Defendant. ) | **COMPLAINT FOR FAILURE TO** |
| ) | **STATE A CLAIM** |

Defendant Bold Technologies LTD. d/b/a Bold Group ("Bold Group") respectfully submits this reply in support of its Motion to Partially Dismiss the Complaint for Failure to State a Claim ("Motion"). In its Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Dkt. 17 ("Opp."), Ackerman Security Systems ("Ackerman") attempts to shoehorn its straightforward breach of contract claim into a common law tort claim based on Bold Group's "level of highly specialized skill and know-how," Opp. at 7. Ohio law does not impose an independent duty on Bold Group on this basis, nor does it support Ackerman's claim for unjust enrichment.

**ARGUMENT**

I. **Ackerman's Negligence Claim is Barred Because Ohio Law Does Not Impose a Special Duty on Software Companies and the Negligence Claim is Barred by the Economic Loss Rule.**

Ackerman's argument that its negligence claim against Bold Group should be treated differently than negligence claims against other contracting parties is not supported by Ohio law.

*First*, there is no special rule for software professionals under Ohio law that excepts Ackerman's negligence claim from the general rule that "when parties reduce their relationship and obligations to a written contract, there is [] no independent duty of care." *Spivak v. Huntington Nat'l Bank*, No. 1:20 CV 1244, 2020 U.S. Dist. LEXIS 195138, at *10 (N.D. Ohio Oct. 21, 2020) (dismissing tort claims). "This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.'" *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 2005-Ohio-5409, ¶ 6 (quoting *Chemtrol Adhesives v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 628 (Ohio 1989))). This general rule is no different where the contract concerns the provision of software or related services. *Hodell-Natco Indus. v. SAP Am., Inc.*, No. 1:08 CV 02755, 2011 U.S. Dist. LEXIS 59276, at *17 (N.D. Ohio June 2, 2011) (negligence claim barred where plaintiff alleged software failed to perform as promised); *Picker Int'l v. Mayo Found.*, 6 F. Supp. 2d 685, 688–89 (N.D. Ohio 1998) (holding any duty to disclose improvements to software was purely contractual).

Ackerman relies heavily on *Invacare Corp. v. Sperry Corp.*, 612 F. Supp. 448, 449 (N.D. Ohio 1984). *See* Opp. at 5–7. This reliance is misplaced. "*Invacare* [] relied on [a] mistaken understanding of § 299A, and even judges within the Northern District of Ohio have failed to follow *Invacare* on this point." *Am.'s Collectibles Network, Inc. v. Sterling Commerce, Inc.*, No. 3:09-cv-143, 2016 U.S. Dist. LEXIS 195369, at *61 (E.D. Tenn. Sep. 7, 2016); *see also Heidtman Steel Prods. v. Compuware Corp.*, 3:97CV7389, 1999 U.S. Dist. LEXIS 21700, at *37 (N.D. Ohio Feb. 15, 1999) (expressly rejecting the holding in *Invacare* and holding "negligence

that results in intangible economic loss cannot support an action in tort when a contract governs the relationship between two or more parties"). Thus, Ohio law overwhelmingly supports the position that negligence claims are barred where a contract governs the parties' relationship.

The business relationship between Ackerman and Bold Group is not legally distinct from other business relationships. Ackerman claims, without citation to any authority or to the Complaint, that software projects are unique in all of contract law because customers rely on software professionals and software professionals have a high degree of specialized "technical know-how and skill." Opp. at 4–5. Ackerman's unsupported claims fall flat. Although Ackerman attempts to carve out an exception for software companies, it offers no persuasive justification for distinguishing this circumstance from many others where one party has specialized knowledge, such as construction and architecture. *See* Opp. at 7. Indeed, courts are "especially reluctant to create a free-standing duty where, as here, the dispute is between two highly sophisticated parties operating under a tightly negotiated contract." *Am.'s Collectibles*, 2016 U.S. Dist. LEXIS 195369, at *61; *see also Irwin Seating Co.*, 306 F. App'x at 243 ("Where 'a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone.'" (quoting *Neibarger v. Universal Coops, Inc.*, 486 N.W.2d 612, 615 (Mich. 1992))). Parties to a contract have the opportunity to negotiate terms and allocate risk and, here, because "it was the Buyers who were going to suffer the loss if the software did not meet their expectations; [] they were in the best position to assess the magnitude of that risk and allocate it appropriately in their contracts." *Prent Corp. v. Martek Holdings, Inc.*, 618 N.W.2d 201, 207 (Wis. Ct. App. 2000) (holding economic loss doctrine

barred plaintiff's negligent misrepresentation claim). If Ackerman has any remedy, it is contractual.

*Second*, Ackerman's claims are barred by the economic loss rule. Courts have routinely held that the economic loss rule bars claims for negligence related to software. *Hodell-Natco*, 2011 U.S. Dist. LEXIS 59276, at *17 (negligence claim barred where plaintiff alleged software failed to perform as promised); *Picker Int'l.*, 6 F. Supp. 2d at 688 (negligent misrepresentation claim barred where parties entered into software license agreement); *see also, e.g.*, *Irwin Seating Co. v. IBM*, 306 F. App'x 239, 243 (6th Cir. 2009) (affirming dismissal of negligent misrepresentation claim under Michigan law because representations were based on "the quality and character of the software" and claim was thus barred by the economic loss rule); *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 208 (E.D.N.Y. 2010) (holding negligence claim alleging "defects in the contracted-for software" was barred by New York's economic loss doctrine); *Peerless Wall & Window Coverings, Inc. v. Synchronics, Inc.*, 85 F. Supp. 2d 519, 534 (W.D. Pa. 2000) (holding negligence claim alleging defendant's software was not Y2K complaint was barred by economic loss doctrine); *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 106 (Tex. App. 2000) (claim for negligence alleging that defendant owed a duty to ensure software worked correctly was barred by economic loss rule).

Ackerman cites to *Haddon View Inv. Co. v. Coopers & Lybrand*, 436 N.E.2d 212 (Ohio 1982), for the proposition that "the economic loss doctrine did not bar a negligent misrepresentation claim against an accountant." Opp. at 8. But *Haddon View* does not discuss the economic loss doctrine, and instead analyzes whether a third party who had not entered into a contract with an accountant could sue the accountant. *Haddon View*, 436 N.E.2d at 213. In

4

subsequent cases more explicitly addressing the economic loss doctrine, "the Ohio Supreme Court has repeatedly said that 'recovery for economic loss is strictly a subject for contract negotiation and assignment,'" and cannot be recovered in tort. *Trustcorp Mortg. Co. v. Zajac*, 2006-Ohio-6621, ¶ 34 (Ct. App.) (quoting *Floor Craft Floor Covering v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206, 212 (Ohio 1990)) (distinguishing *Haddon View*).

In addition, Ackerman alleges only economic damages, and does not allege damage to persons or property. "Where the tort claim alleges a breach of an independent duty, it must also allege damages that are separate and distinct from the breach of contract." *Ineos USA LLC v. Furmanite Am., Inc.*, 2014-Ohio-4996, ¶ 21 (Ct. App.); *see also Hodell-Natco*, 2011 U.S. Dist. LEXIS 59276, at *17 (holding negligence claim barred because plaintiff pleaded economic losses in the complaint but alleged no damage to person or property). Ackerman's claimed damages are the same under its breach of contract and negligence claims—economic damage to its business, primarily damage to its "thousands of customer relationships." Opp. at 8. Ackerman does not attempt to distinguish the damages under its negligence claim from those for breach of contract. *See* Opp. at 7–8. As a last-ditch effort, Ackerman attempts to characterize its claim as damage to "property," when the Complaint fails to allege anything that could reasonably be understood as property damage. *Compare* Opp. at 8–9, *with* Dkt. 1. Under Ohio law, "[e]conomic damages are distinguished from personal damages and property damages." *Picker Int'l*, 6 F. Supp. 2d at 688 n.5. Ackerman alleges damage to its business, *see* Opp. at 7–9, which is economic damage, not property damage, and is thus not recoverable as part of a negligence claim under Ohio law.

Thus, Ackerman has failed to state a claim for negligence.

**II.     Ackerman's Unjust Enrichment Claim Cannot Be Pled in the Alternative.**

Finally, Ackerman's unjust enrichment claim cannot be pled in the alternative. A party may only plead an unjust enrichment claim alternatively to a breach of contract claim when the existence or enforceability of the contract is disputed. *See Ruggles v. Bulkmatic Transp. Co.*, No. C2-03-617, 2004 U.S. Dist. LEXIS 30588, at *16 (S.D. Ohio June 23, 2004); *Groen v. Children's Hosp. Med. Ctr.*, No. A0907904, 2010 Ohio Misc. LEXIS 486, at *9 (Ct. Com. Pl. Jan. 14, 2010) (dismissing unjust enrichment claim because "[t]here is no dispute about the existence of the" contract). No party is disputing the existence or enforceability of the contract in this case. *See* Dkt. 1; Dkt 14.

The caselaw cited by Ackerman is factually distinct from this case. *See Valentine v. Cedar Fair, L.P.*, 2021-Ohio-2144, ¶ 3 (Ct. App.) (defendant argued that theme park season pass did not grant plaintiff an interest in defendant's property or any right to the continued existence of the license where plaintiff paid for season passes to theme park but was unable to use pass due to COVID-19 closures); *Teknol, Inc. v. Buechel*, No. C-3-98-416, 1999 U.S. Dist. LEXIS 22017, at *5 (S.D. Ohio Aug. 9, 1999) (permitting party to plead claims in the alternative "in the event that the oral contract between the parties is deemed unenforceable"). Instead, Ackerman alleges that Bold Group "failed to provide the contracted-for services." Dkt. 1, ¶ 61. Ackerman's unjust enrichment claim is thus facially duplicative of its breach of contract claim. Ackerman has therefore failed to state a claim for unjust enrichment, even in the alternative.

## CONCLUSION

For the foregoing reasons, Bold Group respectfully requests that the Court dismiss counts Two and Three of Ackerman's Complaint.

Dated: September 10, 2021.

                                              Respectfully submitted,

                                              *s/ Hannah E. Armentrout*
                                              Hannah E. Armentrout
                                              Matthew J. Smith
                                              Holland & Hart LLP
                                              555 17th Street, Suite 3200
                                              Denver, Colorado 80202
                                              Tel: (303) 295-8000
                                              hearmentrout@hollandhart.com
                                              mjsmith@hollandhart.com
                                              ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

>Timothy P. Palmer, Esq.
>timothy.palmer@bipc.com
>
>Peter S. Russ, Esq.
>peter.russ@bipc.com
>
>Erin L. Hamilton, Esq.
>erin.hamilton@bipc.com
>
>Jason R, McLean, Esq.
>Jason.mclean@bipc.com

*s/ Hannah E. Armentrout*

17304293_v1